# CHESHIRE,

## JANUARY TERM, A. D. 1858.

---

### DICKINSON *v.* LOVELL.

The act of 1855, "For remodeling the Judiciary," does not take away the right of review in actions pending when the statute went into effect.

THE original action, of which this is a review, was pending in the court of Common Pleas at the time of the passage of the "act to remodel the judiciary system," &c., but was tried, and judgment rendered at a term of that court held afterwards, and the writ of review was sued out and entered in the Common Pleas, September term, 1857. The pleas in the original action were filed June 15, 1855, and the replications are entitled of March term, 1856.

The defendant in review moved to dismiss the review, which motion was denied and the defendant excepted.

*Waite*, for the defendant in review.

By sec. 1, chap. 205, of the Compiled Statutes, it is provided that "all civil actions in which *judgment* has been rendered," &c., in which "any *issue of fact* has been joined," &c., "may be once reviewed."

Such a construction of the judiciary act of 1855 as would take away the right of review in this case, would not be repugnant to the twenty-third article of the Bill of Rights, which prohibits the using of retrospective laws; for here there was neither

judgment rendered," nor "issue of fact" joined, until after the judiciary act went into operation. At that time no right of review had existed, and the application of the statute to this review is wholly prospective and not retrospective.

This review cannot be maintained by force of the 26th and 27th sections of chap. 1, Compiled Statutes. No right of review had accrued or been acquired or established at the time of the passage of the judiciary act of 1855, nor would the construction of that act asked by us affect the action then pending. *Parker*, J., in *Bell* v. *Bartlett*, 7 N. H. 180. It only presents the vesting of a right which had not vested at the time of its passage. Besides, the statute giving a review was not merely repealed by the judiciary act of 1855, but by the twenty-fourth section of that act it is provided that "no right of review shall hereafter exist in civil actions," except as is provided by the act.

But sections 26 and 27, chapter 1, Comp. Stat., are limited in their meaning and force by section 30 of the same chapter; which provides that "the foregoing rules shall be observed in the construction of all statutes, unless inconsistent with the manifest intent of the legislature or the context of the same statute." We think it clearly inconsistent with the "manifest intent of the legislature," in the passage of the judiciary act of 1855, and that it is clearly inconsistent with the context of that act that a review should be allowed in a case like the one at bar.

*Cushing*, for the plaintiff in review.

PERLEY, C. J. This suit was pending in the Common Pleas when the act of 1855 was passed. As the law stood at that time, and when the original action was commenced, the plaintiff had a right that an issue should be joined and tried on any matter of fact in dispute between the parties, and if the issue were found against him, and judgment rendered on the verdict, the law then in force gave him the right to a second trial by writ of review. An issue was joined after the passage of the act, a verdict returned against the plaintiff, and judgment rendered on

Dickinson v. Lovell.

it; and the question is, whether the statute of 1855 has taken away the right of the plaintiff to a writ of review.

The statute enacts, in the 24th section, that "no right of review shall hereafter exist in civil actions in the Court of Common Pleas or Supreme Judicial Court," with certain exceptions which do not apply to this case. If this provision is operative, and relates to pending as well as future suits, it so modifies and changes the remedy in pending suits as to take away from the losing party the right to a second trial of any fact which might be disputed in the cause. Suppose the legislature to have had the constitutional power to take away this right, did they intend that the act should have that effect?

In cases where the legislature have unquestionable power under the Constitution to take away or substantially modify the remedy in a pending suit, it is generally impolitic and unjust to exercise the power. When the plaintiff commences his action, he relies and has reason to rely on the remedy which the existing law gives him in the form of action which he has chosen; and it is an established maxim in the construction of statutes, that the lawgiver will not be presumed to intend that a law should in any way affect the remedy in a pending suit, unless the intention is very clearly expressed. Our statute, (Revised Statutes, chap. 1, sec. 26,) adopts this maxim as a positive rule for the interpretation of future acts.

So far as the statute of 1855 takes away the right of review, it repeals the former statute, which gave that right; and if it takes away the right of review in a pending suit, it clearly affects the pending suit and proceeding; it takes away one act of its important incidents; that is to say, the right of a second trial by review. The case must, therefore, be held to fall under the statute which provides that the repeal of any act shall in no case affect any act done, or any right accrued, acquired or established, *or any suit or proceeding had or commenced in any civil case* before the time when said repeal shall take effect," unless this statutory rule of construction is " inconsistent with the manifest

Dickinson *v.* Lovell.

intention of the legislature or the context of the same statute," of 1855.

The general words of the statute providing that no right of review should afterwards exist, do not show a manifest intention to supersede the statutory rule of interpretation; because the statute was evidently intended to meet precisely such a case, and avoid the necessity of inserting in every act an express provision, excepting pending suits from the operation of the law. And the statute of 1855 must be understood to have been passed subject to the standing rule of construction prescribed by the general statute on this subject, and to have adopted that rule as part of the new law, unless that construction is inconsistent with other parts of the act.

It is argued that this rule of construction is inconsistent with two provisions in the context of the act; one of them is the provision which continues the power of sending questions of law to the Supreme Court on cases reserved in the Common Pleas, instead of putting the party to his bill of exceptions. The argument, as I understand it, is, that inasmuch as the legislature have expressly saved this right in pending suits, they would have done the same in reference to the right of review if that right was intended to be preserved. "Inconsistent," is the term used in the statute; and it is not easy to see how the right of review is any way inconsistent with the power to send up questions of law on cases reserved. The two things may be done without the smallest inconvenience in the same suit. Indeed, they seem not only quite consistent with each other; but to hold that the right of review is taken away in pending suits, would appear to be inconsistent with the policy which dictated the other provision, preserving, in pending suits, the power to send cases to the Supreme Court; for the legislature were not content with securing the substantial right of having legal questions raised in the Common Pleas revised in the Supreme Court, but were scrupulously careful to protect parties to a pending suit from the inconvenience of being obliged to vary the mode in which the question should be carried to the superior

tribunal. Can we presume that the legislature, when they took pains to introduce into the act an express provision to prevent a modification in the mere form of the proceeding, would, in the same act, mean to take away from the parties to a pending suit the important right of trying the cause a second time on review ?

The other provision relied on is that by which all proceedings and business pending in the Common Pleas are transferred to the new court. The object of that section is manifestly to carry the pending business to the new court, in order that the proper proceedings might there be had for their determination. It says nothing, it is true, of future writ of review ; nor does it mention future writs of *scire facias;* but neither in the case of writs of review or of *scire facias* can any inference be drawn from failure to name them particularly, that no such writs were afterwards to be brought. The operation of that section was of course confined to pending suits, and can have no bearing on the question whether any of the different sorts of suits mentioned or omitted in it might be commenced afterwards.

The conclusion is, that the ruling of the Common Pleas, denying the motion to dismiss the writ of review, was correct.